**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | |
|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC., <br> 5800 Granite Parkway <br> Suite 600 <br> Plano, Texas 75024 <br><br>                 Plaintiff, <br><br> v. <br><br> MANUFACTURING SERVICES INTERNATIONAL, INC. <br> 15 West Dorothy Lane <br> Dayton, Ohio 45429 <br><br>                 Defendant. | CASE NO. 3:16-cv-182 <br><br> (JUDGE _____) <br><br><br> **<u>JURY TRIAL DEMANDED</u>** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CIRCUMVENTION OF A COPYRIGHT PROTECTION SYSTEM**

Plaintiff Siemens Product Lifecycle Management Software Inc., by its attorneys, for and on behalf of its complaint against Defendant Manufacturing Services International, Inc., hereby alleges as follows:

**<u>PARTIES</u>**

1.  Plaintiff Siemens Product Lifecycle Management Software Inc. ("Siemens PLM" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

2.  Defendant Manufacturing Services International, Inc. ("MSI") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.

**JURISDICTION AND VENUE**

3. This is a civil action seeking damages and injunctive relief for copyright infringement (17 U.S.C. § 101, *et seq.*) and for circumvention of copyright protection systems (17 U.S.C. § 1201, *et seq.*) under the laws of the United States.

4. This Court has jurisdiction of this action pursuant to 17 U.S.C. § 101, *et seq.*; 17 U.S.C. § 1203(a) (circumvention of copyright protection systems); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. Venue (and personal jurisdiction) in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). MSI's regular and established place of business is at 15 West Dorothy Lane, Dayton, OH 45429.

**FIRST CAUSE OF ACTION**
**(Infringement of Copyrights Against MSI)**

6. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

7. Siemens PLM manufactures and distributes Product Lifecycle Management ("PLM") software, which allows companies to manage the entire lifecycle of a product efficiently and cost-effectively, from ideation, design and manufacture, through service and disposal. PLM software brings together computer-aided design ("CAD"), computer-aided manufacturing ("CAM"), computer-aided engineering ("CAE"), product data management ("PDM") and digital manufacturing. By providing the application depth and breadth needed to digitally author, validate and manage the detailed product and process data, PLM supports innovation by its customers.

8. NX 6, NX 8, NX 9, and NX 10 (collectively "NX") software are among the PLM software products offered by Plaintiff. NX software offers the industry's broadest suite of

integrated, fully associative CAD/CAM/CAE applications. NX touches the full range of development processes in product design, manufacturing and simulation, allowing companies to encourage the use of best practices by capturing and reusing product and process knowledge.

9. Siemens PLM software, including NX software, constitutes and contains Siemens PLM's valuable intellectual property that has been developed over many years through the investment of substantial resources. To protect its rights and interests in its valuable software, including but not limited to NX software, Siemens PLM obtains and registers copyrights to its works. Siemens PLM is, and at all relevant times has been, the copyright owner under United States copyright law with respect to certain copyrighted software including, but not limited to, the NX software (the "Copyrighted Software"). The Copyrighted Software is the subject of valid Copyright Registrations issued by the Register of Copyrights to Plaintiff. A copy of the Certificate for Registration for Copyright Registration Number TXu-1-613-484, dated March 11, 2009, which covers the NX 6 software is attached hereto as Exhibit A. A copy of the Certificate for Registration for Copyright Registration Number TXu 1-769-323, dated August 8, 2011, which covers the NX 8 software is attached hereto as Exhibit B. A copy of the Certificate for Registration for Copyright Registration Number TXu 1-883-621, dated September 25, 2013, which covers the NX 9 software is attached hereto as Exhibit C. A copy of the Certificate for Registration for Copyright Registration Number TXu 1-965-012, dated December 9, 2014, which covers the NX 10 software is attached as Exhibit D.

10. Plaintiff has placed proper notices of copyright pursuant to 17 U.S.C. § 401 on the Copyrighted Software.

11. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Software and to distribute the Copyrighted Software to the public.

12. Plaintiff is informed and believes that MSI, without permission or consent of Plaintiff, has used, and continues to use, a computer with an Internet connection to download and/or use the Copyrighted Software.

13. Plaintiff is informed and believes that beginning on April 16, 2014, Defendant MSI has, without license or permission, used and/or downloaded the Copyrighted Software.

14. In doing so, MSI has violated Plaintiff's exclusive rights of reproduction and/or distribution. Defendant MSI's actions constitute infringement of Plaintiff's copyrights and/or exclusive rights under copyright.

15. Plaintiff is informed and believes that Defendant MSI's unlicensed use of the Copyrighted Software continued through May 5, 2016.

16. Plaintiff is informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff. After becoming aware of MSI's acts of infringement, Plaintiff informed MSI of the infringements and requested that Defendant MSI purchase valid licenses for the Copyrighted Software in a February 18, 2016 letter to MSI, attached hereto as Exhibit E. Following the February 18, 2016 correspondence, Defendant MSI continued to use the Copyrighted Software without a valid license and Siemens PLM has detected at least 20 violations by MSI since the February 18, 2016 correspondence.

17. Plaintiff is informed and believes that Defendant MSI used the Copyrighted Software in connection with Defendant MSI's purchase and import of goods from China for

resale in the United States. Plaintiff is informed and believes that Defendant's unlicensed use of the Copyrighted Software has allowed Defendant MSI to gain an advantage in the marketplace over its domestic competitors that purchase valid licenses of the Copyrighted Software.

18. As a result of Defendant MSI's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §§ 502 and 503.

19. As a result of Defendant MSI's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages according to proof.

20. As a result of Defendant MSI's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to an accounting of MSI's use and/or downloading of the Copyrighted Software and an accounting and recovery of revenues and profits obtained by MSI's through such use and/or downloading of such software.

21. As a result of Defendant MSI's infringement of Plaintiff's copyrights and exclusive rights under copyright, including willful and intentional infringement, Plaintiff is also entitled to enhanced damages and recovery of its attorneys' fees and costs.

22. As a result of Defendant MSI's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is also entitled to injunctive relief prohibiting Defendant MSI from further infringing Plaintiff's copyrights, and ordering that Defendant MSI destroy all copies of copyrighted software obtained or made in violation of Plaintiff's exclusive rights.

## SECOND CAUSE OF ACTION
### (CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEM AGAINST MSI)

23. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

24. Plaintiff is informed and believes that Defendant MSI, in order to use the Copyrighted Software without purchasing valid licenses, acquired a "cracked" version of the Copyrighted Software designed to circumvent the technological measures in Siemens PLM's Copyrighted Software designed to prevent unlicensed use.[1]

25. As a result of Defendant MSI's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c).

26. As a result of Defendant MSI's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to actual damages according to proof.

27. As a result of Defendant MSI's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to an accounting and recovery of profits obtained by MSI's circumvention of Siemens PLM's copyright protection system.

28. As a result of Defendant MSI's circumvention of Siemens PLM's copyright protection system, Plaintiff is also entitled to recovery of its attorneys' fees and costs.

29. As a result of Defendant MSI's circumvention of Siemens PLM's copyright protection system, Plaintiff is also entitled to injunctive relief prohibiting Defendant MSI from further circumvention of Siemens PLM's copyright protection system, and ordering that

---

[1] "Cracking" is the modification of software to remove or disable features or components of the software. In this case, the modified portion of the Copyrighted Software was designed to protect against unlicensed use.

6

Defendant MSI destroy all copies of Copyrighted Software modified to circumvent Siemens PLM's copyright protection system.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant MSI as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Software, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) ("Plaintiff's Software"), including without limitation by using and/or downloading any of Plaintiff's Software, except pursuant to a lawful license or with the express authority of Plaintiff.  Defendant shall be and hereby is enjoined from circumventing the Plaintiff's copyright protection systems controlling access to the Copyrighted Software, whether now in existence or later created.  Defendant also shall destroy all copies of Plaintiff's Software that the Defendant has used and/or downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of that downloaded software transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Software pursuant to 17 U.S.C. § 504;

3. For statutory damages for each circumvention of Plaintiff's copyright protection system pursuant to 17 U.S.C. § 1203(c);

4. For actual damages according to proof;

5. For an accounting of the use and/or download by Defendant of the Copyrighted Software;

6. For an accounting of any revenues and profits realized by or through Defendant's use and/or download of the Copyrighted Software;

7. For enhanced damages;

8. For Plaintiff's costs in this action;

9. For Plaintiff's reasonable attorneys' fees incurred herein; and

10. For such other and further relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff Siemens PLM hereby demands a trial by jury on all triable issues.

DATED:  May 10, 2016.

/s/ Jeffrey T. Cox
Jeffrey T. Cox (0055420)
   Trial Attorney
Jade K. Smarda (0085460)
FARUKI IRELAND & COX. P.L.L.
110 North Main Street, Suite 1600
Dayton, OH  45402
Telephone:  (937) 227-3704
Facsimile:  (937) 227-3717
Email:  jcox@ficlaw.com
         jsmarda@ficlaw.com


Robert R. Riddle
(pro hac vice application forthcoming)
Texas Bar No. 24035495
Andrew Bluebond
(pro hac vice application forthcoming)
Texas Bar No. 24092147
REED SMITH, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: +1 713 469 3800
Facsimile: +1 713 469 3899
Email:  rriddle@reedsmith.com
         abluebond@reedsmith.com


*Counsel for Plaintiff
Siemens Product Lifecycle Management
Software Inc.*

1050022.2