IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC.,** : | |
| : | |
| Plaintiff, : | Case No. 3:16-cv-182 |
| : | |
| v. : | District Judge Thomas M. Rose |
| : | |
| **MANUFACTURING SERVICES INTERNATIONAL, INC.,** : | Chief Magistrate Judge Sharon L. Ovington |
| : | |
| Defendant. : | |

## STIPULATED PROTECTIVE ORDER

Based on the stipulation of the parties, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c).

1. As used in this Protective Order, these terms have the following meanings:

    a) "Attorneys" means counsel of record;

    b) "CONFIDENTIAL" Documents are Documents designated pursuant to paragraph 2;

    c) "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Documents are Documents designated pursuant to paragraph 5;

    d) "Designated Materials" are all materials designated either CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY;

    e) "Documents" are all materials within the scope of Fed. R. Civ. P. 34, including interrogatory responses, other discovery responses, or transcripts;

    f) "Written Assurance" means an executed document in the form attached as Exhibit A.

1

2. By identifying a Document as "CONFIDENTIAL", a party may designate any Document that it in good faith contends to constitute or contain trade secret or other confidential information.

3. All Confidential Documents, along with the information contained in the Documents, shall be used solely for the purpose of this action, and no person receiving such Documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Documents to any person other than those specified in paragraph 4.

4. Access to any Confidential document shall be limited to:

    a) the Court and its officers;

    b) attorneys and their office associates, legal assistants, and stenographic and clerical employees;

    c) persons shown on the face of the document to have authored or received it;

    d) court reporters or videographers retained to transcribe testimony;

    e) up to two employees of Siemens and MSI as necessary to assist the Attorneys in representing their client's interests.

    f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action; and

    g) commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside Attorneys for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Protective Order.

5. The parties shall have the right to designate Documents or portions of Documents relating to highly sensitive and proprietary trade secrets as "CONFIDENTIAL - ATTORNEYS'

EYES ONLY". Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (f) and (g).

6. Third parties producing documents in the course of this action may also designate Documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All Documents produced by such third parties shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" for a period of 15 days from the date of their production, and during that period any party may designate such Documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

7. Each person appropriately designated pursuant to paragraph 4(f) to receive Designated Materials shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any person pursuant to paragraph 4(f). Such notice shall provide the signed Written Assurance, a reasonably current CV, and a description of any known relationships between the outside independent person to whom disclosure is sought and any competitors of the party whose designated Documents are sought to be disclosed, sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded

other Designated Materials. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of date of the deposition. Unless otherwise agreed, or otherwise designated on the record, depositions shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" during a 10-day period following the deposition. The deposition of any witness (or any portion of such deposition) that encompasses Designated Material shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to designate material pursuant to this Protective Order shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the incorrectly designated documents. Any person who has distributed a document that is designated pursuant to this paragraph to any persons not entitled to receive documents with the new designation shall instruct the unauthorized recipients to destroy any copies and confirm the destruction in writing.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11. Any party may request a change in the designation of any information Designated pursuant to this Protective Order. Any such Document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking

the change may move the Court for appropriate relief, providing notice to any third party whose Designated Material in the action may be affected. The party asserting the Designation shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Parties or third-parties who intend to file Designated Materials of another, in support of a motion or otherwise, are obliged to first advise the party or third-party who produced the Designated Materials of such intention at least ten (10) days in advance of filing, identifying with particularity the Designated Materials that the party or third-party intends to file. Thereafter, the party or third-party who produced the Designated Materials shall have five (5) days within which to:

> a) seek an order that requires the Designated Materials be filed under seal, in accordance with S. D. Ohio Local Rule 5.2.1 and *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016); or
>
> b) advise that it does not intend to seek an order requiring the Designated Materials be filed under seal.

13. To the extent that the party or third-party who produced the Designated Materials proceeds in accordance with Paragraph 12(a) above, the Designated Materials may not be filed before the Court issues a decision on whether to seal the Designated Materials. If necessary to preserve a filing deadline, a party or third-party may submit to the Court a filing that redacts Designated Materials or references to Designated Materials, until such time that the Court is able to rule on whether the unredacted Designated Materials may become part of the public record.

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all Designated Material, and all copies of such

Documents, and shall destroy all extracts and/or data taken from such documents, except as incorporated in correspondence or attorney work product described below. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all attorney work product, and all correspondence generated in connection with the action.

15. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by this Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties may request the return of any Designated Materials, which were not admitted or filed as part of the public record, from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy any remaining Designated Materials.

Dated: October 19, 2016            *s/Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          Chief United States Magistrate Judge

AGREED:

| | |
|---|---|
| /s/Glenn D. Bellamy (per 10/6/16 email authorization) | /s/Jeffrey T. Cox |
| Glenn D. Bellamy (0070321) | Jeffrey T. Cox (0055420) |
|    Trial Attorney |    Trial Attorney |
| Stephen E. Gillen (0033094) | Jade K. Smarda (0085460) |
| WOOD HERRON & EVANS LLP | FARUKI IRELAND & COX. P.L.L. |
| 2700 Carew Tower | 110 North Main Street, Suite 1600 |
| 441 Vine Street | Dayton, OH  45402 |
| Cincinnati, Ohio 45202 | Telephone:  (937) 227-3704 |
| Telephone:  (513) 241-2324 | Facsimile:  (937) 227-3717 |
| Facsimile:  (513) 241-6234 | Email: jcox@ficlaw.com |
| Email: gbellamy@whe-law.com |       jsmarda@ficlaw.com |
| | |
| Counsel for Defendant | Robert R. Riddle |
| Manufacturing Services International, Inc. | (admitted pro hac vice) |
| | Texas Bar No. 24035495 |
| | Andrew Bluebond |
| | (admitted pro hac vice) |
| | Texas Bar No. 24092147 |
| | REED SMITH, LLP |
| | 811 Main Street, Suite 1700 |
| | Houston, TX 77002-6110 |
| | Telephone:  (713) 469-3800 |
| | Facsimile:  (713) 469-3899 |
| | Email: rriddle@reedsmith.com |
| |       abluebond@reedsmith.com |
| | |
| | Counsel for Plaintiff |
| | Siemens Product Lifecycle Management Software Inc. |

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____ , State of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 3:16-CV-182, pending in the United States District Court for the Southern District of Ohio. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any Documents, or copies of Documents, designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such Documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them any Documents in my possession designated "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

  I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

  I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20\_\_      _____

                  (Signature)